IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WILSON, | : | CIVIL ACTION NO. 1:21-CV-2136 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, John Wilson, who is incarcerated in the Mahanoy State Correctional Institution ("SCI-Mahanoy"), alleges that defendants violated his civil rights by failing to protect him from exposure to COVID-19 and by transferring him to a cell in SCI-Mahanoy's restricted housing unit after he became infected with COVID-19. Defendants have moved to dismiss and plaintiff has moved for leave to amend. Both motions will be granted.

**I.      Factual Background & Procedural History**

Wilson initiated this case through the filing of a complaint in the Schuylkill County Court of Common Pleas on November 12, 2021. (Doc. 1-1). Defendants removed the case to this district on December 21, 2021 pursuant to 28 U.S.C. § 1441. (Doc. 1).

According to the allegations in the complaint, numerous inmates in SCI-Mahanoy, including Wilson, have been infected with COVID-19 since the pandemic began. (Doc. 1-1 at 5). The complaint alleges that Wilson's COVID-19 infection

could have been prevented if the Pennsylvania Department of Corrections ("DOC") had required prison employees to be tested before entering the prison. (Id.) The complaint alleges that after he became infected with COVID-19, Wilson was transferred to the prison's restricted housing unit, where he was placed in a cell without clean drinking water, electrical outlets, or cable. (Id. at 6).

The complaint alleges numerous actions by staff in SCI-Mahanoy that have purportedly increased the risks posed by COVID-19. Inmates who are in COVID-19 quarantine are allegedly not taken to shower separately. (Id.) Prison staff members allegedly interact with inmates experiencing flu-like symptoms without wearing masks or protective equipment. (Id.) Common areas of the prison purportedly are not disinfected, and inmates are not provided disinfectant to clean their cells. (Id.) The prison allegedly does not conduct any contact tracing to track staff members' exposure to COVID-19. (Id.) Finally, nurses allegedly deliver medication and prison guards allegedly make rounds without wearing protective equipment. (Id.)

The complaint names as defendants T. Sokaloski, who was employed by SCI-Mahanoy at all relevant times as a major and a grievance officer; Bernadette Mason, who was employed as the superintendent of SCI-Mahanoy; John Wetzel, who was the secretary of the DOC; and the DOC. (Id. at 4-5). The complaint alleges that Wilson filed a grievance complaining about the alleged violations of his civil rights and that Sokaloski, Mason, and Wetzel reviewed the grievance at different stages of administrative review and denied relief. (Id. at 7). The complaint raises claims pursuant to Section 1983 for deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment, failure to protect Wilson from

2

violations of the Eighth Amendment, and violation of Wilson's rights under the Fourteenth Amendment. (Id. at 7-16).

Defendants moved to dismiss the complaint on December 28, 2021. (Doc. 3). Defendants argue that dismissal is appropriate because Wilson has failed to allege deliberate indifference to a risk of serious harm, because he has failed to allege the individual defendants' personal involvement in the alleged civil rights violations, and because the DOC is not a proper defendant under Section 1983. (Doc. 4). Wilson has moved for leave to file an amended complaint. (Doc. 6). The motion to dismiss and the motion for leave to amend are both ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.    Discussion**

Wilson brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

We will first address defendants' argument that Wilson's claims against the individual defendants should be dismissed for his failure to allege their personal involvement. (See Doc. 4 at 4-6). A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id. A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

5

The only factual allegations Wilson makes against individual defendants Sokaloski, Mason, and Wetzel arise from their review and denial of Wilson's grievances, (see Doc. 1-1 at 7), which is not sufficient to allege their personal involvement.  See Dooley, 957 F.3d at 374.  The individual defendants also cannot be held liable solely because of their roles as supervisory officials in the DOC, as *respondent superior* status is not sufficient to allege personal involvement.  Rode, 845 F.2d at 1207.  Hence, we will dismiss the claims against the individual defendants.

We will likewise dismiss the claims against the DOC.  Section 1983 allows a plaintiff to bring suit only against a "person" who violates the plaintiff's constitutional rights while acting under color of state law.  42 U.S.C. § 1983.  The DOC is not a person amenable to suit under § 1983.[1]  See Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973); see also, e.g., Foye v. Wexford Health Sources, Inc. (3d Cir. 2017) (nonprecedential).[2]

We will, however, grant Wilson's motion for leave to amend.  Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We find that

---

[1] Having concluded that dismissal is appropriate for lack of personal involvement and because the DOC is not a proper defendant, we will not address defendants' argument that Wilson has failed to allege deliberate indifference.

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

amendment of the claims against the DOC would be futile because the DOC is not a person amenable to suit under Section 1983. But we find that leave to amend is appropriate with respect to Wilson's claims against individual defendants because his claims are factually, rather than legally, deficient.

## IV.     Conclusion

We will grant defendants' motion (Doc. 3) to dismiss and plaintiff's motion (Doc. 6) for leave to amend. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    July 6, 2022