IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN WILSON,** | : | CIVIL ACTION NO. 1:21-CV-2136 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, John Wilson, who is incarcerated in the Mahanoy State Correctional Institution ("SCI-Mahanoy"), alleges that defendants violated his civil rights by failing to protect him from COVID-19 and by transferring him to a cell in the restricted housing unit after he became infected with COVID-19. The case is proceeding on Wilson's amended complaint. Defendants have moved to dismiss. The motion will be granted.

**I.      Factual Background & Procedural History**

Wilson initiated this case by filing a complaint in the Schuylkill County Court of Common Pleas against the Pennsylvania Department of Corrections ("DOC") and three DOC employees on November 12, 2021. (Doc. 1-1). Defendants removed the case to this district on December 21, 2021, and moved to dismiss on December 28, 2021. (Docs. 1, 3). The court granted the motion on July 6, 2022, concluding that the DOC could not be sued under Section 1983 and that Wilson failed to allege the individual defendants' personal involvement. (Docs. 8-9). The court granted Wilson leave to amend as to his claims against the individual defendants. (Id.)

Wilson timely filed an amended complaint on August 8, 2022. (Doc. 12). According to the allegations in the amended complaint, numerous inmates in SCI-Mahanoy, including Wilson, have been infected with COVID-19 since the pandemic began. (Id. at 2). Wilson's infection allegedly could have been prevented if the DOC had required employees to be tested before entering the prison. (Id.) The amended complaint alleges that after he became infected with COVID-19, Wilson was transferred to the prison's restricted housing unit, where he was placed in a cell without clean drinking water, electrical outlets, or cable. (Id.)

The amended complaint alleges numerous actions by staff in SCI-Mahanoy that have purportedly increased the risks posed by COVID-19. Inmates who are in COVID-19 quarantine are allegedly not taken to shower separately. (Id. at 3). The prison allegedly does not conduct any contact tracing to track staff members' exposure to COVID-19. (Id.) Nurses allegedly deliver medication and prison guards allegedly make rounds without wearing protective equipment. (Id.)

The amended complaint names as defendants T. Sokaloski, who was employed by SCI-Mahanoy at all relevant times as a major and a grievance officer; Bernadette Mason, SCI-Mahanoy's superintendent; and John Wetzel, who was the secretary of the DOC. (Id. at 1-2). The complaint raises claims pursuant to Section 1983 for violations of the Eighth and Fourteenth Amendments. (Id. at 5-6). Wilson also alleges violation of the Pennsylvania Constitution. (Id. at 6).

Defendants moved to dismiss the amended complaint on August 10, 2022. (Doc. 13). Defendants argue dismissal is appropriate because the complaint fails to allege defendants' personal involvement and fails to state a claim upon which relief

2

may be granted. (Doc. 14). The motion to dismiss is fully briefed and ripe for disposition. (Docs. 14, 18).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting

3

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## III.  Discussion

Wilson brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

4

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Wilson's amended complaint suffers from the same defect as his original complaint: he again fails to allege defendants' personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id. Wilson's only allegations of personal involvement are conclusory assertions that defendants were responsible for the actions of their subordinates and that they were indifferent to the risks posed by COVID-19. (See Doc. 12 at 2-4). These conclusory assertions are not supported by any factual allegations that defendants personally directed their subordinates' actions or knew of and acquiesced in the actions. The assertions are therefore not entitled to the assumption of truth and will be disregarded. See Santiago, 629 F.3d at 131-32.

Wilson does not assert any arguments as to how the named defendants were personally involved in the alleged civil rights violations. Instead, he argues that he has pleaded the personal involvement of "Correct Care Solutions." (See Doc. 18 at 9-13). This argument is without merit. Correct Care Solutions is not named as a defendant or mentioned in any way in Wilson's amended complaint or his original complaint. (See Docs. 1-1, 12). Moreover, even if the amended complaint could be

5

liberally construed to name Correct Care Solutions as a defendant, civil rights claims against a private corporation providing medical services to a prison must establish that the corporation had a "policy or custom that resulted in the alleged constitutional violations at issue," Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003)), and Wilson has not alleged any Correct Care Solutions policy that has caused the alleged violations of his rights.[1]

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We find further amendment would be futile. Wilson has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

---

[1] The court takes judicial notice that Correct Care Solutions, which is now known as Wellpath pursuant to a 2018 corporate merger with Correctional Medical Group, see *Wellpath*, WIKIPEDIA, https://en.wikipedia.org/wiki/Wellpath (last visited Jan. 26, 2023); Forrest v. Wetzel, No. 3:17-CV-1777, 2021 WL 1614810, at *2 (M.D. Pa. Apr. 23, 2021), has been the medical services subcontractor for the DOC and its prisons throughout the COVID-19 pandemic. See CONTRACT FOR CORRECTIONS HEALTH CARE SERVICES, PA. TREASURY (July 9, 2015), http://contracts.patreasury.gov/Admin/Upload/324268_AGR-15 221%20Correct%20Care%20Solutions%2c%20LLC.pdf (go to contracts.patreasury.gov, then search for "Correct Care Solutions, LLC" under Contracting Party(s) dropdown menu); Forrest v. Wetzel, No. 3:17-CV-1777, 2021 WL 1614810, at *2 (M.D. Pa. Apr. 23, 2021) (noting that interrogatory response from Chief Clinical Officer of Wellpath/Correct Care Solutions indicated that the corporation was under contract to provide medical services to DOC as of April 23, 2021 and had been a party to the contract since 2014); Medina v. Jones, No. 22-CV-73, 2022 WL 17546522, at *1 (W.D. Pa. Dec. 9, 2022) (noting that the DOC continued to contract with Wellpath as of December 9, 2022). Given the absence of factual allegations as to Correct Care Solutions' involvement, the court assumes that any claims Wilson could have brought against Correct Care Solutions arise from its contractual relationship with the DOC.

## IV. Conclusion

We will grant defendants' motion to dismiss. An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner
        United States District Judge
        Middle District of Pennsylvania

Dated:    January 26, 2023